**Paul T. WILLIAMS and Thresia Williams, Plaintiffs,**

v.

**David A. TROTT and Trott and Trott, P.C., Defendants.**

No. 92–74480.

United States District Court, E.D. Michigan, S.D.

May 25, 1993.

---

Brian McClain, Detroit, MI, for plaintiffs.

Steven Alpert, Bingham Farms, MI, for defendants.

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

EDMUNDS, District Judge.

This matter came before the Court upon the parties' cross motions for summary judgment. Plaintiffs contend that the Court should grant summary judgment in their favor because Defendants violated the Fair Debt Collections Practices Act. Defendants contend that the Act does not apply to their actions in this matter. For the reasons set forth below, the Court agrees with Defendants; thus, Defendants' motion for summary judgment is granted and Plaintiffs' cross motion is denied.

### I. Facts

Plaintiffs, Paul and Thresia Williams, mortgaged their home when they purchased it in 1968. The mortgagee, Columbia Mortgage Corporation, assigned the mortgage to the Federal National Mortgage Association (FNMA). In May 1991, the Williams defaulted on their mortgage. Lomas Mortgage USA, Inc., who serviced the mortgage on behalf of FNMA, initiated collection efforts. After several months, Lomas elected to accelerate the debt pursuant to the default clause of the mortgage and referred the matter to its attorneys, Trott and Trott PC, to institute nonjudicial foreclosure proceedings. Lomas notified the Williams of the institution of foreclosure proceedings by letter dated September 24, 1991. The letter stated:

> Because of your failure to pay the installments due on your mortgage loan, your file has been referred to our attorney for the purpose of instituting foreclosure.... Payment to cure this default can be made to the attorney's office and MUST be made either by cashier's check, certified check or money order. Please contact the attorney to obtain the reinstatement or payoff amount.

Trott and Trott initiated foreclosure by advertisement, but never actually foreclosed on the property. As part of their representation of Lomas, the Trott firm sent the Williams two letters, both dated October 21, 1991. One letter, signed by Defendant David Trott, states, "Recently our office quoted reinstatement figures to you in connection with the foreclosure against your home." The letter also indicates that to reinstate the mortgage, the Williams were required to pay costs and expenses. The other letter, signed by another lawyer at the Trott firm, indicates the payment necessary to reinstate the loan and indicates that the Williams should make the past due debt payment directly to Lomas and should pay attorney's fees and costs to the Trott firm. The Williams avoided foreclosure by reinstating the mortgage; they paid the past due amounts plus attorney's fees and costs.

As a result of the foregoing, the Williams filed suit against the Trott firm and David Trott for violation of the Fair Debt Collection Practices Act, 15 U.S.C.A. §§ 1692–1692o. Plaintiffs claim: 1) Defendants violated § 1692g by failing to provide notice that if they disputed the debt they had a right of verification; 2) Defendants violated

§ 1692f(1) by collecting a fee not expressly authorized by the mortgage; and 3) Defendants violated § 1692e(11) by failing to include the required warning in each communication to Plaintiffs that any information Defendants received could be used to collect the debt.

Defendants, David Trott and the Trott firm, contend that they are not subject to liability under the Act because they are not "debt collectors." Thus, they have moved for summary judgment. Plaintiffs have filed a cross motion for summary judgment, alleging that the Act applies and that the letters on their face show that Defendants violated the Act.

## II. Definition of Debt Collector Under the Act

■ The FDCPA governs the actions of "debt collectors." Courts are split on the issue of whether an attorney who represents a creditor in collecting a debt is a "debt collector" under the Act. The Act defines debt collector as follows:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principle of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C.A. § 1692a(6). The Act originally expressly excluded attorneys from this definition, but Congress amended it in 1986 to delete this exclusion. Pub.L. 99–361, 100 Stat. 768.

The literal language of the Act covers attorneys who represent creditors in collection actions. However, some courts have held that the Act does not apply where an attorney has not actually acted as a debt collector. For example, in *Green v. Hocking*, 792 F.Supp. 1064 (E.D.Mich.1992), the court held that an attorney who filed a debt collection action on behalf of his client was not a "debt collector" under the Act.

> The purpose of the 1986 FDCPA amendment was to close a loophole which allowed attorneys engaging in unsavory debt collection activities to avoid liability under the FDCPA simply because they had obtained a law degree. The purpose of removing the attorney exemption was not, however,

to sweep within the scope of the term 'debt collector' those attorneys acting in the role of legal counsel while representing clients.

*Id.* at 1065 (citations omitted). *Accord Firemen's Ins. Co. v. Keating*, 753 F.Supp. 1137 (S.D.N.Y.1990) (Act regulates debt collectors and does not prevent creditors, through their attorneys, from pursuing their legal remedies); "Federal Trade Commission, Statements of General Policy or Interpretation, Staff Commentary on the Fair Debt Collection Practices Act," 53 Fed.Reg. 50,097, 50,-100–02 (1988) ("debt collector" does not include attorney whose practice is limited to legal activities (e.g., filing and prosecution of lawsuits to reduce debts to judgments)), *cited in Scott v. Jones*, 964 F.2d 314 (4th Cir.1992). *See also Jordan v. Kent Recovery Services, Inc.*, 731 F.Supp. 652 (D.Del.1990) (repossession agency was not a debt collector under the Act, instead it acted as an enforcer of security interest).

Most courts that have held that the Act covers attorneys who represent creditors, have done so in circumstances where the attorney actually sent the debtor a demand letter. *See, e.g., Crossley v. Lieberman*, 868 F.2d 566 (3d Cir.1989) (attorney who sent demand letter to collect debt and requested that money be paid to him was debt collector under the Act); *Strange v. Wexler*, 796 F.Supp. 1117 (N.D.Ill.1992) (lawyer who sent letter demanding payment and threatening litigation was debt collector); *Stojanovski v. Strobl and Manoogian, P.C.*, 783 F.Supp. 319 (E.D.Mich.1992) (attorney who sent plaintiffs letter encouraging them to bring delinquent account current and avoid litigation was a debt collector). *Cf. Scott v. Jones*, 964 F.2d 314 (4th Cir.1992) (attorney who represented bank in lawsuits based on delinquent credit card accounts was "debt collector" under Act).

In this case, Defendants did not send the Williams a demand letter. Lomas, the creditor, made the actual demand for payment and acted as the debt collector. After the Williams failed to make their mortgage payments for a number of months, Lomas notified them that it had referred the matter to the Trott law firm for foreclosure. Lomas also indicated that if the Williams wished to

cure their default, they should contact the Trott firm for a reinstatement or ·payoff amount. The Williams contacted the Trott firm, and on October 21, 1991, the Trott firm wrote to the Williams indicating, "Recently our office quoted reinstatement figures to you...." The October 21 letters sent to the Williams by the Trott firm merely provided the Williams with information regarding the amount they needed to pay if they wished to reinstate the mortgage. Thus, the contact the Trott firm had with the Plaintiffs was not for the purpose of collecting the debt but merely to accommodate Plaintiffs by providing information they requested regarding reinstatement of the mortgage to avoid foreclosure. Further, Defendants did not indicate that the Williams should pay the debt to them, but that if they chose to reinstate the mortgage, the Williams needed to pay Lomas. As a result, Defendants did not act as "debt collectors" under the FDCPA, and the complaint must be dismissed.

## III. Collection of Attorney's Fee

■ At oral argument on the motions for summary judgment, Plaintiffs' counsel indicated that the critical issue that gave rise to this lawsuit concerns Plaintiffs' claim that Defendants violated section 1692f(1) of the Act by collecting a fee not expressly authorized by the mortgage.[1] However, even if the Court had found that Defendants were debt collectors and the Act applied, Plaintiffs' claim that Defendants collected an unauthorized fee is meritless.

Section 1692f(1) provides that it is an unfair debt collection practice to collect any amount not "expressly authorized by the agreement creating the debt or permitted by law." In this case, Defendants collected attorney's fees in the amount of $376.00.[2] The Williams claim that the default provision of the mortgage limits the collection of attorney's fees to those provided by statute. Further, they claim that Michigan statute section 600.2431 limits attorney's fees to $37.50.

Thus, the Williams claim that Defendants were precluded from collecting fees greater than $37.50, as greater amounts were not "expressly authorized" by the mortgage agreement.

This claim is meritless because the mortgage provision only applies to payment of attorney's fees upon foreclosure; the provision does not apply to a reinstatement. The mortgage provides:

> [U]pon default ... the Mortgagee is hereby authorized and empowered to sell or cause to be sold the property hereby mortgaged, and to convey the same to the purchaser, pursuant to the statute in such case made and provided, and *out of the proceeds of such sale to retain the moneys due under the terms of this mortgage, the costs and charges of such sale and also the attorneys' fee provided by statute*, rendering the surplus moneys (if any there should be) to the said Mortgagor.

(Emphasis added). The mortgage provides for foreclosure in the event of default and provides that attorney's fees provided by statute shall be paid from the proceeds of the foreclosure sale. No foreclosure sale took place here. Instead, the Williams and Lomas effectively negotiated a reinstatement of the mortgage in exchange for the Williams' payment of the past due amount on the debt together with the costs Lomas had incurred by hiring the Trott firm to institute foreclosure.[3] In other words, Lomas gave the Williams the right to reinstate their mortgage in exchange for making Lomas whole. The reinstatement transaction was outside the terms of the mortgage, as the mortgage did not give the Williams the right to reinstate. Thus, Defendants attorney's fees were not limited by the mortgage provision. In sum, even if the FDCPA applied, Defendants did not violate section 1692f.

---

1. This is not to say that Plaintiffs waived their claims that Defendants violated §§ 1692g and 1692e(11) of the Act.

2. The Trott firm collected a total of $703.00, which included $376.00 in attorney fees and $327.00 in costs.

3. Lomas notified the Williams that they would be responsible for the payment of attorney fees if they wished to reinstate after foreclosure had been initiated. By letter dated August 9, 1991, Lomas indicated, "If we are forced to start foreclosure, additional attorney's fees and legal charges will be added to the amount you owe."

*IV. Conclusion*

For the foregoing reasons, the Court hereby GRANTS Defendants' motion for summary judgment and DENIES Plaintiffs' motion for summary judgment.