Donald R. SANDLIN and Sandra Lynn Sandlin, formerly known as Irma L. Sandlin and Irma L. Barnes, individually, as Trustees of a trust dated July 31, 1991, and on behalf of all others similarly situated, Plaintiffs,

v.

SHAPIRO & FISHMAN, Gerald Shapiro, ITT Residential Capital Corp., and State Street Bank & Trust Company, Defendants.

No. 95–213–CIV–FtM–17D.

United States District Court,
M.D. Florida,
Fort Myers Division.

Feb. 23, 1996.

Thomas Stephen Heidkamp, Dryden & Heidkamp, Ft. Myers, FL, for Donald R. Sandlin and Sandra L. Sandlin.

Theodore C. Eastmoore, Martin Garcia, Matthews, Hutton & Eastmoore, P.A., Sarasota, FL, for Shapiro & Fishman and Gerald Shapiro.

F. Wallace Pope, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, FL, for ITT Residential Capital Corp. and State Street Bank & Trust Co.

## ORDER ON MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause comes before the Court on two motions to dismiss Plaintiffs' Amended Complaint: (1) Defendant Shapiro & Fishman's Motion to Dismiss the Amended Complaint (Docket No. 20), filed with a Memorandum of Law in Support (Docket No. 11); and (2) Defendant Gerald Shapiro's Motion to Dismiss the Amended Complaint (Docket No. 28), which incorporated the above Memoranda of Law in Support (Docket No. 11) and Plaintiffs' responses (Docket Nos. 22 and 32) thereto.

## I. BACKGROUND

Plaintiff's (hereinafter "the Sandlins") Amended Complaint (Docket No. 10) alleges that Defendants Shapiro & Fishman, a part-nership, and Gerald Shapiro, in their actions as debt collectors, have violated 15 U.S.C. § 1692, the Fair Debt Collection Practices Act (FDCPA).

Mrs. Sandlin obtained a mortgage loan on or about August 26, 1988, from City Federal Savings Bank. The mortgage is a standard form "Uniform Instrument," and the note for the mortgage provides "I may make a full prepayment or partial prepayments without paying any prepayment charge." City Federal Savings Bank assigned the mortgage to State Street Bank & Trust Company, on or about June 3, 1991. ITT Residential has been given the authority, subject to control by State Street, to collect payments on the Sandlin mortgage, handle all communication and correspondence with them, and hire counsel when necessary to enforce the mortgage. When the Sandlins fell behind on their mortgage, in 1992, ITT Residential hired defendant Shapiro & Fishman to collect the Sandlin note and mortgage through correspondence and/or legal proceedings. On or about May 15, 1995, Shapiro & Fishman mailed Mr. Sandlin: (1) a letter advising him of the payoff figure for the mortgage including a $60.00 "payoff fee," which was added to the mortgage; and (2) a letter advising him of the reinstatement figure for his mortgage. ITT Residential, through Shapiro & Fishman, advised the Sandlins that a $50.00 charge would be imposed for each future payoff statement.

The Sandlins allege that Shapiro & Fishman, and Shapiro, violated: (1) 15 U.S.C. § 1692g, by charging consumers fees for providing payoff figures on delinquent loans; (2) 15 U.S.C. § 1692e(2)(A), by misrepresenting the amount of the debt owed, and by adding a payoff fee; (3) 15 U.S.C. § 1692f(1), by adding an unauthorized payoff fee to the amount owed; (4) 15 U.S.C. § 1692e(11), by failing to include the warning required by that section, in their correspondence; and (5) Fla.Stat. § 559.72(9) (1995), by knowingly adding unauthorized charges for payoff fees to mortgage loans, where the notes and mortgages allowed prepayment without charge.

In response to the Sandlin's Amended Complaint (Docket No. 10) Defendants' mo-

tions to dismiss (Docket Nos. 20 & 28) set forth the following arguments: (1) The Sandlins' complaint fails to state a claim upon which relief can be granted against defendants Shapiro & Fishman and Shapiro. In particular, Defendants claim they were not acting as "debt collectors" and therefore are not subject to the FDCPA; and (2) that even if the Court finds them to be "debt collectors," they did not violate the provisions of 15 U.S.C. § 1692 enumerated by the Sandlins; and (3) the Sandlins failed to state a claim under Fla.Stat. § 559.72(9) (1995), because the payoff fees requested were not a prepayment penalty, but were implicitly authorized under paragraph 7(E) of the note.

## II. STANDARD OF REVIEW

A complaint should not be dismissed for failure to state a claim unless it appears, beyond doubt, that plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Additionally, the Court must accept all well-pleaded allegations in a plaintiffs complaint as true. *Gonzalez v. McNary,* 980 F.2d 1418 (11th Cir.1993).

## III. DISCUSSION

■ The Fair Debt Collection Practices Act (FDCPA) was designed to protect debtors from abusive debt collection practices which often lead to personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. 15 U.S.C. § 1692. Defendants claim that the FDCPA does not apply to them, because they were not acting as debt collectors in their communications with the Sandlins. The Supreme Court defined a debt collector within the FDCPA as those who "regularly collect or attempt to collect, directly or indirectly, [consumer] debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The Court went on to hold that "a lawyer who regularly tries to obtain payment of consumer debts through legal proceedings is a lawyer who regularly "attempts" to "collect" those consumer debts." *Heintz v. Jenkins,* 514 U.S. ——, ——, 115 S.Ct. 1489, 1491, 131 L.Ed.2d 395 (1995).

The Court realizes that the decision in *Williams v. Trott,* 822 F.Supp. 1266 (E.D.Mich.1993), held that the law firm in that case was not acting as a debt collector. However, the above case is distinguishable because, unlike the Trott firm, Shapiro & Fishman instructed the debtor to pay *it,* not the creditor. The Court also recognizes that the *Heintz* decision did not explicitly overrule *Williams;* however, it was a clear statement by the United States Supreme Court that attorneys are subject to the FDCPA when they engage in collection activities such as those performed by the defendants, Shapiro & Fishman and Shapiro. In light of the recent decision in *Heintz,* this Court finds that defendants Shapiro & Fishman and Shapiro meet the general definition of a "debt collector" and are therefore subject to the FDCPA.

The Court now looks to the alleged violations of 15 U.S.C. § 1692 to see if they must be dismissed for failure to state a cause of action, applying the above mentioned standards.

■ First, the Sandlins allege that Defendants violated § 1692g, which provides for validation of the debt and notice requirements for any disputed amounts. The Sandlins claim that § 1692g gives consumers an absolute right to verify the amount of the debt. The Court agrees with that statement, but disagrees with the Sandlins' contention that § 1692g prohibits a charge for the information. There is no language addressing the imposition of fees in § 1692g. The Sandlins argue that the imposition of such a fee will "overshadow" the debtors right to verification and deter the exercise of the right.

In *Graziano v. Harrison,* 950 F.2d 107 (3d Cir.1991), the court said "the notice must not be overshadowed or, contradicted by accompanying messages from the debt collector." That case is distinguishable, because it dealt with a direct misrepresentation of § 1692(g) where the debt collectors threatened to sue in 10 days for non-payment, when the statute

provided for 30 days to register a dispute. In that case there was definitely an "overshadowing" of rights, because an unsophisticated debtor might believe he had no options but to pay the disputed amount. In the instant case, the fee is not specifically prohibited by § 1692(g) and does not prevent the debtors from disputing the debt, so it does not violate the intent of the statute. The Court finds that, insofar as the count applies to violations of § 1692(g), it should be dismissed.

■ Second, the Sandlins allege that the collection of a "payoff fee" is an attempt to collect an unauthorized fee, in violation of § 1692f(1), which deals with unfair practices. The statute reads as follows:

"A debt collector may not use unfair or unconscionable means to collect **or attempt to collect** any debt. **Without limiting the general application of the foregoing,** the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." (emphasis added)

15 U.S.C. § 1692f(1). Defendants ask that this Court read the statute to require the actual *collection* of such amount, and to dismiss this part of the claim because there was no actual "collection." This interpretation not only violates the "Plain Meaning Rule" of statutory interpretation but it would also work to defeat the intentions of Congress.

The Court in, *Demarest v. Manspeaker*, 498 U.S. 184, 111 S.Ct. 599, 112 L.Ed.2d 608 (1991), held that when a statute is unambiguous, judicial inquiry is complete unless it can be shown that the application of the statute would be at odds with the intentions of the drafters. Here the statute plainly states that an "attempt to collect" an unauthorized debt is as forbidden as the actual collection would be. This is the plain reading of the statute, and it is the meaning that accomplishes the goals of Congress, because it fulfills their purpose of protecting the debtor from unfair collection practices, including **attempted collection** of unauthorized debts. The Court finds that Plaintiffs have sufficiently stated a

cause of action, upon which relief may be granted, as it relates to the alleged violation of § 1692f(1).

■ Third, the Sandlins allege that Defendants violated § 1692e(11), by failing to include the warning required by that section in its correspondence. Section 1692e(11) requires that the collectors must "disclose clearly in **all** communications made to collect a debt or to obtain information about a consumer, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." Defendants are correct when they argue that they have met the first part of the warning requirement. The letters are clearly an attempt to obtain payment of a debt and there is no need to quote the statute verbatim. *Emanuel v. American Credit Exchange,* 870 F.2d 805 (2d Cir.1989).

■ The court in *Pipiles v. Credit Bureau of Lockport,* 886 F.2d 22 (2d Cir.1989), however, found that there must be compliance with both parts of the warning, and failure to include the fact that "information obtained will be used ..." was a violation of the statute. *Pipiles* went on to find that the clear intent of Congress, in requiring that the warning be included in all correspondence, was to ensure that debtors who did not receive a first notice would nonetheless have the required disclosure. This Court finds that the absence of the second part of the warning was in fact a violation of the FDCPA, and as such Defendants' motion to dismiss as to violation of § 1692e(11) must be denied.

■ The Court has recognized Defendants' argument that the letters were part of a settlement agreement, and as such are privileged communications, which are inadmissible under Fla.Stat. § 90.408. If this Court were to accept this argument it would in effect overrule Congress' express intent to include attorneys within the FDCPA. *Heintz.* If every letter which includes payoff amounts and reinstatement fees that is sent by an attorney engaged in the collection of debt is considered to be a settlement or negotiation offer, then all those letters would be excluded as inadmissible and the rights of

the debtor to the protection offered by the FDCPA would be seriously hindered. This Court is not persuaded that providing a debtor with the amount of the debt owed is a settlement agreement. Settlement agreements as protected by Fla.Stat. § 90.408 are "offers to compromise a claim." The definition of "compromise" is a "settlement of differences by mutual concessions," there were no mutual concessions in the amounts indicated in the letters sent by Defendants. Henry Campbell Black, *Black's Law Dictionary*, 359, (4th ed. 1951).

■ The Sandlins also allege that Defendants violated § 1692e(2)(A), which prohibits the false representation of the character, amount, or legal status of a debt. The Sandlins base this allegation on two arguments: 1) that the payoff fee is a false representation of the amounts owed; and 2) that the payoff fee is affirmatively prohibited by paragraph 5 of the note, which provides for full or partial prepayments without imposition of a prepayment fee. Defendants argue that paragraph 7(E) of the note allows the note holder to recover all of its costs and expenses incurred in enforcing the note, and that the payoff fee is therefore implicitly allowed. Paragraph 7(E) provides in part that the noteholder has "the right to be paid back ... for all costs and expenses in enforcing this note...." In *Weiner v. Swales*, 217 Md. 123, 141 A.2d 749 (1958), the debtor had a provision in a note to "pay the costs and charges for collecting same" and the court held that the agreement of the borrowers was "only to reimburse ... actual monetary expenses or disbursements incurred in the collection of the note ... or ... out of pocket expenses." The payoff fee charged the debtor by the lender (and attempted to be collected by the Defendants) is not an "out of pocket expense" charged by a third party that the lender is able to seek recovery for, but rather is a figure that only the lender would be able to provide.

■ Paragraph 5 of the note provides for partial or full prepayments, without the imposition of a prepayment fee. Defendants argue that the paragraph defines a prepayment as being a payment of interest only, and therefore charging a fee for the payoff amount of the entire note does not qualify as a prepayment, under paragraph 5. What Defendants fail to mention is that paragraph 5 also provides for "full" prepayment and the only way a full prepayment can be made is by supplying the debtor with the amount due, or the payoff amount. The imposition of a payoff fee is prohibited by paragraph 5 of the note. Since it is not clear that the Sandlins can prove no set of facts that would entitle them to relief, this Court denies Defendants' motion to dismiss as it applies to the allegations of violations of 15 U.S.C. § 1692e.

■ Finally, the Sandlins allege that Defendants violated Fla.Stat. § 559.72(9), the Florida Consumer Collection Practices Act, by attempting to collect a debt that they knew was not legitimate, because the note allowed for prepayment without a penalty. Defendants seek dismissal of Count V by: 1) asserting that they are not debt collectors; 2) stating that they are implicitly allowed to recover under paragraph 7(E) of the note; and 3) that the statute does not apply to "portions of a debt." This Court has addressed Defendants' first two arguments above and found in favor of Plaintiffs in denying Defendants' Motions to Dismiss the Amended Complaint. The third argument is also without merit.

■ Fla.Stat. § 559.72(9) provides as follows:

> In collecting consumer claims, no person shall:
>
> (9) Claim, attempt, or threaten to enforce a consumer claim when such person knows that the claim is not legitimate or some other legal right when such person knows that the right does not exist.

The definition of a "consumer claim" is "ANY obligation for the payment of money...." Fla.Stat. § 559.55. (emphasis added.) The use of the word "any" in the definition would necessarily include portions of a debt, when they are wrongfully claimed. That is the only interpretation which would fulfill the purpose of the statute, the protection of the debtor from unscrupulous collection practices. Defendants have not shown that Plaintiffs can prove no set of facts which

would entitle them to relief under this statute.

## IV. CONCLUSION

This Court finds that Defendants Shapiro & Fishman and Shapiro are debt collectors under the FDCPA, and that they have failed to show that the Sandlins can prove no set of facts that would entitle them to relief for the alleged violations of 15 U.S.C. §§ 1692e(2)(A); 1692e(11); 1692f(1) and Fla. Stats. § 559.72(9). However, this Court finds that Defendants have shown that the Sandlins are not entitled to relief under 15 U.S.C. § 1692(g).

The Court, having considered all the arguments of the parties, finds that the motion to dismiss should be DENIED in part and GRANTED in part. Accordingly, it is

**ORDERED** that Defendants' Motions to Dismiss Plaintiff's Amended Complaint (Docket Nos. 20 and 28) Plaintiff's Amended Complaint be **DENIED** as to the alleged violations of 15 U.S.C. §§ 1692e(2)(A); 1692e(11); 1692f(1) and Fla.Stats. § 559.72(9) and **GRANTED** as to alleged violations under 15 U.S.C. § 1692(g). An Amended Complaint shall be filed within ten days.

**DONE AND ORDERED.**