**Gwendolyn ROSS, Plaintiff,**

v.

**COMMERCIAL FINANCIAL SERVICES, INC., and Securitized Multiple Asset Rated Trust 1997–6, Defendants.**

No. 98 C 5049.

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 8, 1999.

Cathleen M. Combs, Daniel A. Edelman, James O. Latturner, Sheila A. O'Laughlin, Edelman & Combs, Chicago, IL, for Gwendolyn Ross, plaintiff.

Howard J. Roin, Christina M. Egan, Anne R. Keyes, Mayer, Brown & Platt, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Section 1692e(11) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, requires that collection letters from debt collectors provides certain information to the recipients. An initial communication must disclose that the debt collector is attempting to collect a debt, and that any information obtained will be used for that purpose. Any subsequent communication must disclose that it is from a debt collector. Failure to make such disclosures is defined as a deceptive debt collection practice. 15 U.S.C. § 1692e(11). At issue in the instant case is whether the disclosures must track the precise language in the statute, or whether they must merely convey the intended message.

Plaintiff Gwendolyn Ross has filed a one count putative class action complaint alleging that defendant Commercial Financial Services, Inc. ("CFS") and Securitized Multiple Asset Rated Trust 1997–6 ("SMART") violated the FDCPA by sending her the letter attached to this opinion as Exhibit A. Defendants have moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), arguing that the letter clearly complies with the requirements of § 1692e(11). For the reasons set forth below, defendants' motion to dismiss is granted.

### Facts

Plaintiff alleges that she is a consumer within the meaning of the FDCPA and that

CFS is engaged in the business of purchasing bad debts and attempting to collect them. CFS places the bad debts it purchases into trusts which it creates, and then sells interests in those trusts to investors. One such trust is defendant SMART.

Plaintiff alleges that shortly after March 7, 1998, she received the collection demand letter from CFS attached as Exhibit A. That letter was not the first letter sent by CFS to plaintiff with respect to the debt in question. The letter sought to collect an alleged $1,610.27 credit card balance that CFS purchased from Discovery Card/Greenwood Trust Company.

## Discussion

Plaintiff alleges that Exhibit A violates § 1692e(11), which defines as a deceptive debt collection practice:

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Because Exhibit A is a "subsequent communication," § 1692e(11) requires that the letter disclose only that it is from a debt collector. *Id.* The first full line of Exhibit A states that "Commercial Financial Services is a different kind of debt collection company." Plaintiff argues that by providing the quoted language instead of the exact language used in the statute—"is from a debt collector,"— CFS has attempted to mislead the recipient, negating the message required by the statute that the sender has an adverse interest to the recipient. Plaintiff argues that CFS does this intentionally, to portray itself as a debt counselor or financial advisor to the debtor, rather than as a collection agency. Indeed, plaintiff even argues that CFS's choice of name itself violates the act by suggesting that CFS is a financial advisor rather than a debt collector.

■ The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. § 1692(e). As noted by defendants in their brief, one of those abusive practices includes misrepresenting a collection agency as a credit bureau. S.Rep. 382, 95th Cong., 1st Sess.1977, 1977 U.S.S.C.N. 1695, 1702 (1977). Because it is designed to protect consumers, the FDCPA is generally liberally construed in favor of consumers to effect its purpose, *Cirkot v. Diversified Financial Systems, Inc.*, 839 F.Supp. 941 (D.Conn.1993), and whether a communication or other conduct violates the FDCPA is determined by analyzing it from the prospective of an "unsophisticated consumer." *Gammon v. GC Services Limited Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer standard protects the consumer who is uninformed, naive, or trusting, yet it admits an objective element of reasonableness." *Id.* That objective element protects debt collectors from liability for "unrealistic or peculiar interpretations of collection letters." *Id.*

■ In the instant case, the letter clearly discloses that CFS is a "different kind of debt collection company." It is difficult to image how even the most unsophisticated consumer could interpret that phrase as meaning anything other than the fact that CFS is a debt collector. A "debt collection company" is a "debt collector" in anyone's vernacular. Moreover, plaintiff's argument that the phrase "a different kind," coupled with plaintiff's name somehow misleads recipients into believing that CFS is anything but a debt collector is utterly specious in light of the fact that the entire context of the letter is to settle an existing debt, and that the letter contains in bold print the statutory requirement for initial communications:

> Please understand that this is an attempt to collect a debt. Any information obtained will be used for that purpose.

Plaintiff has presented no authority directly supporting her position that the disclosure must use the exact term "debt collector" as found in § 1692e(11). Indeed, the cases cited in plaintiff's brief suggests just the opposite. *See Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 26 (2d Cir. 1989) (disclosure need not quote the statuto-

ry language). Defendants' brief is replete with cases holding that the language need not be quoted. *See e.g., Sandlin v. Shapiro & Fishman,* 919 F.Supp. 1564, 1568 (M.D.Fla.1996) ("there is no need to quote § 1692e(11) verbatim.").

Obviously, the "debt collector may not defeat the statute's purpose by making the required disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular object of the statute's solicitude." *Bartlett v. Heibl,* 128 F.3d 497, 500 (7th Cir.1997). But that is not what Exhibit A does. As noted, the entire import of Exhibit A is to settle an overdue account for a lessor amount, or to arrange a payment plan. Nothing in the letter detracts in any way from that message. Coupled with the bold-faced statement that the letter is "an attempt to collect a debt," it is impossible to conclude that the letter is in any way misleading. According, defendants' motion to dismiss is granted.[1]

### Conclusion

For the reasons set forth above, defendants' motion to dismiss is granted.

---

1. It is interesting to note that plaintiff's counsel voluntarily dismissed a similar action before Judge Lindberg. *Shore v. Commercial Financial Services,* 98 C 4073. In that case the plaintiff sued CFS based on an initial letter which contained the phrase "CFS is a different kind of debt collection company," but on the copy given to plaintiff's counsel the bottom portion containing the bold-faced disclosure statement had been deleted. When counsel discovered that the original letter contained the required bold-faced disclaimer counsel moved to dismiss the case stating that the letter "does not appear to violate 15 U.S.C. § 1692e(11)." If the two quoted statements satisfy the requirements for an initial letter, they obviously satisfy the lesser requirements for a subsequent letter.

# COMMERCIAL FINANCIAL SERVICES, INC.

Post Office Box 707976, Tulsa, OK 74170-7976    Telephone (800) 898-6985 or (918) 524-5910

March 7, 1998

Gwendolyn Ross
1208 W . 12th Pl
Chicago IL 60643-4420

Dear Gwendolyn Ross,

Commercial Financial Services is a different kind of debt collection company. We know that sometimes bad things really do happen to good people. We believe that something occurred in your life to prevent you from taking care of all the obligations you had incurred. That is the reason for this letter.

As you were previously notified, Commercial Financial Services, Inc. now services your Discover Card which originated at Greenwood Trust Company. The pay-off balance of that account is $1610.27.

We are interested in discussing a discounted settlement with you whereby you would pay less than the actual pay-off amount in full settlement of the account.

If it is not possible for you to take advantage of our offer to settle, we are willing to work out a payment schedule, tailored to your needs, which will allow you to satisfy this obligation over a period of months.

You may contact us by phone toll free at (800) 893-6985 or by mail at the above address. Please use reference number 2709389.0 on all payments and correspondence.

We look forward to working with you.

Sincerely,

Jeane Abbey
Department Manager

Mail Payment To:    Securitized Multiple Asset Rated Trust 1997-6
P O Box 94388
Tulsa, Oklahoma 74194

Please understand that this is an attempt to collect a debt.
Any information obtained will be used for that purpose.