Maria **GONZALEZ** and Daniel Sirotsky, Plaintiffs,

v.

Gene **McNARY** and Richard Smith, Defendants.

No. 90–1631–Civ.

United States District Court,
S.D. Florida.

May 30, 1991.

---

Edgardo V. Caturla, Miami, Fla., for plaintiffs.

Dexter A. Lee, Asst. U.S. Atty., Miami, Fla., for defendants.

## ORDER OF DISMISSAL

NESBITT, District Judge.

Upon an independent review of the record, for the reasons stated in the report of United States Magistrate Judge Peter R. Palermo, and after consideration of Plaintiffs' objections and Defendants' response thereto, it is

ORDERED and ADJUDGED that the Report and Recommendation of the Magistrate is Adopted as this Court's Order and the Defendants' motion to dismiss is GRANTED.

DONE and ORDERED.

## REPORT AND RECOMMENDATION

PETER R. PALERMO, United States Magistrate Judge.

THIS MATTER comes before the court on Defendants' Motion to Dismiss, file dated September 14, 1990. This cause was referred to United States Magistrate Judge Peter R. Palermo by United States District Judge Lenore Carrero Nesbitt for a report and recommendation on the issues presented. *See* 28 U.S.C. § 636(b) (1988).

### FACTUAL BACKGROUND [1]

Plaintiff, Maria Gonzalez is a native and citizen of the country of Peru. Plaintiff entered the United States as a tourist in October of 1983. On December 12, 1983, Plaintiff married the late Marino Gonzalez, a Cuban refugee. Alex Gonzalez, was born to the couple, in the United States on August 17, 1984. Plaintiff, Daniel Sirotsky, is the natural minor child of Plaintiff Maria Gonzalez, and the stepchild of her late husband Marino Gonzalez.

---

1. These facts have been gathered primarily from the Plaintiff's complaint. When reviewing a motion to dismiss, the facts alleged in the complaint are to be accepted as true. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). In addition, the court must construe the facts in a light that is favorable to the plaintiff. *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development,* 711 F.2d 989, 994 (11th Cir.1983).

On April 29, 1985, Mr. Gonzalez applied for permanent residency in the United States pursuant to Section 1 of the Cuban Refugee Adjustment Act of November 1966. On July 16, 1985, Plaintiffs also petitioned for permanent resident status pursuant to the Act, as the spouse and minor child of a Cuban refugee. Plaintiff Gonzalez's application was denied by Defendant Smith, as the duly appointed Immigration and Naturalization Service District Director for the Florida District, on September 30, 1988. This denial was affirmed by Defendant McNary, as the duly appointed Commissioner of the Immigration and Naturalization Service, on August 31, 1989. Plaintiffs brought this action for declaratory and injunctive relief contending that it was improper for the Defendants to deny the Plaintiffs' applications.

## STANDARD OF REVIEW

It is well established that a complaint will not be dismissed unless it appears beyond belief that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Likewise it has been held that the complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 47, 78 S.Ct. at 103. *See also Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development, supra.*

## ANALYSIS

■ It is not disputed that the Cuban Refugee Act (hereinafter Act), 80 Stat. 1161, Public Law 89–732, as amended by the Refugee Act of 1980, 8 U.S.C. § 1157, makes eligible for permanent residency an alien who is a native or citizen of Cuba, has been inspected or admitted or paroled upon arrival in the United States after January 1, 1959, and has been physically present in the United States for at least one (1) year. The Attorney General in his discretion, under the appropriate regulations shall admit the alien to permanent status if he is otherwise eligible. The Act further provides that the spouse and minor children of a Cuban refugee may also be eligible for permanent residency under the same conditions as the Cuban refugee himself. This is true even if the spouse and minor children are not natives or citizens of Cuba, provided they are residing with the Cuban relative. The Act states: "The provisions of this Act shall be applicable to the spouse and child of any alien described in this subsection, regardless of their citizenship and place of birth, who are residing with such alien in the United States."

At the time the decision was rendered in this case, September 30, 1989, by Defendant Smith, Plaintiff Maria Gonzalez's Cuban spouse had died. His death occurred on May 14, 1989 and thus Plaintiffs were not residing with him after that point. Plaintiffs contend that a decision based on this ground must fail because it is "arbitrary and capricious as a matter of discretion." *See* Complaint at 4. Plaintiffs also assert that this decision constitutes a denial of due process and "fundamental fairness and justice, justifying equitable laches and estoppel against the Defendants." *Id.*

Plaintiffs' arguments fail for several reasons. First, it is clear that in enacting this Act Congress intended for the law to mandate both a bona fide marriage and residence with the Cuban alien. This is in sharp contrast to laws such as 8 U.S.C. § 1151(b), Immigration and Nationality Act, which indicates that only a bona fide marriage is necessary and not residence with the spouse. Under the mandates of statutory construction, this Court must interpret residence with the alien as being a condition since Congress specifically included this requirement. This is especially so when the language of the statute is plain and unambiguous. *See Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1916). Likewise, while the Plaintiffs have indicated that this interpretation runs contrary to the legislative intent, they have failed to provide any evidence to the Court indicating the legislative intent and/or history supporting their position. Absent such a showing, the language of the statute must prevail. *See Gulf Life*

*Ins. Co. v. Arnold,* 809 F.2d 1520, 1522 (11th Cir.1987).

The Plaintiffs also contend that the elements of estoppel are present and the doctrine is applicable against the government. In order for this to be so, the elements that must be met are: 1) words, acts, conduct or acquiescence causing another to believe in the existence of a certain state of things; 2) wilfulness or/ negligence with regard to the words, acts, conduct or acquiescence; and 3) reliance that is detrimental. *See Federal Deposit Ins. Corp. v. Harrison,* 735 F.2d 408, 413 (11th Cir.1984), *reh'g denied,* 768 F.2d 1353 (1985). The doctrine of estoppel does not apply for several reasons. First, it has been held that when the United States acts as a sovereign, it is protected from the application of such a doctrine. This theory has been applied when the United States has decided matters of citizenship and it may very well be applicable to the situation before this Court today. *See I.N.S. v. Miranda,* 459 U.S. 14, 103 S.Ct. 281, 74 L.Ed.2d 12 (1982). Second, and most important, the Plaintiffs have failed to allege any words, acts, conduct or acquiescence that would have enticed detrimental reliance. Even if these things would have been present, which as stated they were not, the Court fails to see how this brought about any sort of detrimental reliance. Third, detrimental reliance has not been pled in the complaint.

Lastly, the Plaintiffs argue that the government committed "affirmative misconduct" by not making a decision on the pending applications until three (3) years after those applications were submitted. In *Miranda, supra,* the Supreme Court held that a delay on the part of the Immigration and Naturalization Service was not sufficient to prevent the government from denying an alien's application for permanent resident status despite the fact that the agency took 18 months to render its decision. In doing so, the Supreme Court contrasted other cases where errors had been made by the government serious enough to warrant reevaluation. Those cases however are clearly distinguishable and wholly inapplicable to the situation before this court. The holding in *Miranda, supra,* however, is directly applicable and thus the delay in deciding the Plaintiffs' applications in this case is not the type of affirmative misconduct which would estop the government from denying those applications based on the fact that the Plaintiffs were not residing with Marino Gonzalez as is necessary under the terms of the statute in order to obtain lawful permanent residence.

Based on the foregoing and the fact that Plaintiffs have not alleged a valid claim for which relief can be granted, it is hereby

RECOMMENDED that Defendants' Motion to Dismiss be GRANTED.

Pursuant to Local Magistrate Rule 4(b), the parties to this action shall have ten (10) days from the date of the receipt of this report to file their objections with United States District Judge Lenore Carrero Nesbitt.