**Eugenia M. BANKHEAD, et al., Plaintiffs,**

v.

**LUCAS AEROSPACE LTD., Lucas Aerospace Power Transmission Corp. and Lucas Aerospace, Inc., Defendants,**

v.

**WAUSAU INSURANCE COMPANY, Intervenor.**

No. 1:94–cv–277–GET.

United States District Court, N.D. Georgia, Atlanta Division.

Oct. 20, 1994.

Nisbet Stovall Kendrick, III, Harry M. MacDougald, Johnson & Montgomery, Atlanta, GA, Edward R. Curtis, Curtis & Curtis, Fort Lauderdale, FL, Harmon White Caldwell, Jr., Caldwell & Watson, Atlanta, GA, for plaintiffs.

James Stephens Strawinski, Matthew Jude Jewell, Dennis Corry Porter & Gray, Atlanta, GA, John W. Adler, Lawrence S. Gosewisch, Paul J. Campbell, Kaplan & Begy, Chicago, IL, for defendants.

James Thompson McDonald, Jr., Timothy J. Buckley, III, Swift Currie McGhee & Hiers, Atlanta, GA, for proposed intervenor Wausau Ins. Group.

Timothy J. Buckley, III, Swift Currie McGhee & Hiers, Atlanta, GA, for intervenor Wausau Ins. Inc.

## ORDER

G. ERNEST TIDWELL, District Judge.

The above-styled matter is presently before the court on Intervenor Wausau Insurance Company's ("Wausau") motion for summary judgment [Docket No. 25].

### Standard of Review

Courts should grant summary judgment when "there is no genuine issue as to any material fact ... and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party must "always bear the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any' which it believes demonstrate the absence of a genuine issue of

material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). That burden is "discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. at 2554; *see also U.S. v. Four Parcels of Real Property,* 941 F.2d 1428, 1437 (11th Cir.1991).

Once the movant has met this burden, the opposing party must then present evidence establishing that there is a genuine, material issue of fact. *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2554. The nonmoving party must go beyond the pleadings and submit evidence in the form of affidavits, depositions, admissions and the like, sufficient to demonstrate that if allowed to proceed to trial, a jury might return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). If he does so, there is a genuine issue of fact that requires a trial. In making a determination of whether there is a material issue of fact, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255, 106 S.Ct. at 2514; *Rollins v. TechSouth, Inc.,* 833 F.2d 1525, 1529 (11th Cir.1987). However, an issue is not genuine if it is unsupported by evidence or if it is created by evidence that is "merely colorable" or is "not significantly probative." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2511. Similarly, a fact is not material unless it is identified by the controlling substantive law as an essential element of the nonmoving party's case. *Id.* at 248, 106 S.Ct. at 2510. Thus, to create a genuine issue of material fact for trial, the party opposing the summary judgment must come forward with specific evidence of every element essential to his case with respect to which (1) he has the burden of proof and (2) the summary judgment movant has made a plausible showing of the absence of evidence on the necessary element. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553.

### Facts

In light of the above standard, the court finds, for purposes of summary judgment only, the following pertinent facts.

On February 3, 1993, several employees of Lockheed Aeronautical Services Corporation ("Lockheed") died in an airplane crash. The deceased employees apparently died on im-pact. Wausau, on behalf of Lockheed, paid workers' compensation benefits. Plaintiffs, survivors of the deceased employees, brought this action for wrongful death against defendants Lucas Aerospace Ltd., Lucas Aerospace Power Transmission Corp. and Lucas Aerospace, Inc. ("Lucas entities") and settled for an undisclosed amount. Wausau intervened in this action seeking recovery of the workers' compensation benefits paid to plaintiffs. Wausau now moves for summary judgment.

### Discussion

Wausau seeks recovery of benefits paid pursuant to O.C.G.A. 34–9–11.1. O.C.G.A. 34–9–11.1 states in pertinent part:

(a) When the injury or death for which compensation is payable under this chapter is caused under circumstances creating a legal liability against some person other than the employer, the injured employee or those to whom his right of action survives at law may pursue the remedy by proper action ...

(b) In the event of recovery against such other person as contemplated by subsection (a) of this Code section, and the employer's liability under this chapter has been fully or partially paid, then the employer or such employer's insurer shall have a subrogation lien, not to exceed the actual amount of compensation paid pursuant to this chapter, against such recovery.... However, the employer's or insurer's recovery under this Code section shall be limited to the recovery of the amount of disability benefits and medical expenses paid under this chapter.... (emphasis added)

Wausau admits that plaintiffs received death benefits and not disability benefits or medical expenses.

Plaintiffs argue that Wausau cannot recover benefits under O.C.G.A. § 34–9–11.1 because plaintiffs only received death benefits and funeral expenses, and O.C.G.A. § 34–9–11.1 limits Wausau's subrogation rights to disability benefits and medical expenses. Wausau responds that the statute should be read to include subrogation rights for *all* workers' compensation benefits. The statute, however, clearly limits recovery to disability benefits and medical expenses. It is

well-established that "[a]bsent clearly expressed legislative intent to the contrary, the plain and unambiguous language of the statute must prevail." *Gonzalez v. McNary,* 980 F.2d 1418, 1421 (11th Cir.1993). Because Wausau has not shown that it paid either disability benefits or medical expenses, Wausau is not entitled to subrogation under O.C.G.A. § 34–9–11.1. Accordingly, Wausau's motion for summary judgment [Docket No. 25] is DENIED and Wausau is DISMISSED as an intervenor in this action.

### Summary

For the above stated reasons, Wausau's motion for summary judgment [Docket No. 25] is DENIED and Wausau is DISMISSED as an intervenor in this action.

SO ORDERED.