[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2010
JOHN LEY
CLERK

No. 09-15047
Non-Argument Calendar

_____

Agency Nos. A097-185-986
A097-185-987

CARLOS VALDIVIA,
GIOVANNI VALDIVIA,
SOLANGE VALDIVIA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 11, 2010)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Carlos Valdivia ("Valdivia"), and his two children, Giovanni Valdivia ("Giovanni"), and Solange Valdivia ("Solange") (collectively "petitioners"), citizens and natives of Peru, seek review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of their application for adjustment of status under the Cuban Refugee Adjustment Act ("CRAA"), Pub. L. No. 89-732, 80 Stat. 1161 (1966). The petitioners' application was based on Valdivia's marriage in the United States to a Cuban national who had obtained adjustment of status to a lawful permanent resident under the CRAA. The IJ found, *inter alia*, that the petitioners had "failed to present clear and convincing evidence" that Valdivia's present marriage was *bona fide*.

When examining a petition for review, we must first determine whether we have subject matter jurisdiction to consider the petition for review. *Resendiz-Alcaraz v. U.S. Att'y Gen.*, 383 F.3d 1262, 1266 (11th Cir. 2004). We review subject matter jurisdiction *de novo*. *Id*.

Pursuant to INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B), we lack jurisdiction to review (1) "any judgment regarding the granting of relief under" INA § 245, 8 U.S.C. § 1255, or (2) "any other decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General." Nevertheless, we retain jurisdiction to consider constitutional claims and questions of law. INA § 242(a)(2)(D), 8 U.S.C.

2

§ 1252(a)(2)(D) (as amended by the REAL ID Act).

Under INA § 245(a), 8 U.S.C. § 1255(a), the Attorney General is allowed, "in his discretion and under such regulations as he may prescribe," to adjust an alien's status to lawful permanent resident if "(1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." INA § 245(a), 8 U.S.C. § 1255(a).

The CRAA is a note to § 1255, and provides that:

> the status of any alien who is a native or citizen of Cuba and who has been inspected and admitted or paroled into the United States subsequent to January 1, 1959, and has been physically present in the United States for at least one year, may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence. . . The provisions of this act shall be applicable to the spouse and child of any alien described in this subsection, regardless of the citizenship and place of birth, who are residing with such alien in the United States.

Pub.L. 89-732, 80 Stat. 1161, § 1 (reproduced as a historical note to 8 U.S.C. § 1255, as stated in *Benitez v. Wallis*, 337 F.3d 1289, 1290 n. 2 (11th Cir. 2003)). We have stated that "[t]he INS, under authority delegated by the Attorney General, clearly has discretion under the [CRAA] to adjust the status of the spouse and children of a Cuban alien. *Gonzalez v. McNary*, 980 F.2d 1418, 1419-20 (11th Cir.

3

1993).

Because an adjustment of status under the CRAA is a discretionary decision, we do not have jurisdiction to review the petitioners' petition for review except to the extent that it raises a constitutional claim or question of law. The petitioners argue that INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B), does not limit our jurisdiction over their petition for judicial review because they do raise questions of law. Specifically, the petitioners argue that: (1) the IJ applied the incorrect standard of the burden of proof in deciding their application for adjustment of status under the CRAA; (2) the IJ violated their due process rights by not being impartial during the removal proceedings; and (3) the BIA violated their due process rights by adopting and affirming the IJ's decision without an opinion.

We first find meritless Petitioners argument that by affirming the IJ's decision without an opinion the BIA violated their due process rights. Second, petitioners' argument that the IJ violated their due process rights by failing to set forth factors in their favor is essentially a challenge to the IJ's discretionary decision to deny their application for an adjustment of status under the CRAA, rather than a constitutional issue. Accordingly, because the petitioners' argument is essentially an "abuse of discretion claim[] merely couched in constitutional language," we lack jurisdiction over their petition for review in this regard.

Finally, we do recognize that the question of whether the IJ should have applied the clear and convincing evidence test or the preponderance of the evidence standard to determine whether the marriage was *bona fide* is a question of law reviewable by this court. However, we find no reversible error in the BIA's determination.

Petitioners argue that the IJ incorrectly relied upon INA § 245, among other statutes, in determining that the clear and convincing standard was properly applied. The petitioners contend that an application for adjustment of status under the CRAA is to be considered separate and apart from adjustment of status under INA § 245. Thus, the petitioners argue that a preponderance of the evidence standard is the correct burden of proof for adjustment of status under the CRAA.

We review the BIA's and IJ's statutory interpretation *de novo,* but will defer to that interpretation if it is reasonable and not at odds with Congress's clear intent. *Jaggernauth v. U.S. Att'y Gen.,* 432 F.3d 1346, 1350 (11th Cir. 2005). If a statute is silent on a specific issue, an appellate court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of the agency. *Castillo-Arias v. U.S. Att'y Gen.,* 446 F.3d 1190, 1195 (11th Cir. 2006).

The CRAA requires that a *bona fide* marriage exist and that the spouse and children reside with the Cuban alien. *Gonzalez*, 980 F.2d at 1420. The CRAA,

however, is silent as to any standard regarding the standard of proof applicable to establishing a *bona fide* marriage. Pub.L. No. 89-732, 80 Stat. 1161 (1966). Thus, the CRAA does not contain any clear intent of Congress, including whether the "clear and convincing" standard of proof from INA § 245 applies. Under INA § 245, 8 U.S.C. § 1255, "an alien who is seeking to receive an immigrant visa on the basis of a marriage which was entered into" while "administrative or judicial proceedings are pending regarding the alien's right to be admitted or remain in the United States," "may not have the alien's status adjusted" under 8 U.S.C. § 1255(a). *See* INA § 245(e)(1) and (2); 8 U.S.C. § 1255(e)(1) and (2). However, pursuant to the "*bona fide* marriage exception" in § 1255, this bar to adjustment of status:

> shall not apply with respect to a marriage if the alien establishes by clear and convincing evidence to the satisfaction of the Attorney General that the marriage was entered into in good faith and in accordance with the laws of the place where the marriage took place and the marriage was not entered into for the purpose of procuring the alien's admission as an immigrant . . .

INA § 245(e)(3); 8 U.S.C. § 1255(e)(3); *see also* 8 C.F.R. § 204.2(a)(1)(iii)(B) (discussing the *bona fide* marriage exception in the context of a visa petition filed on behalf of an alien by a U.S. citizen).

Because the CRAA is silent, and INA § 245, of which the CRAA is a note, sets forth that the alien must establish by clear and convincing evidence that the

6

marriage is entered into in good faith, it was not unreasonable for the agency to conclude that such standard applies to the alien's burden to establish that a marriage is *bona fide* under the CRAA.

**PETITION DENIED, in part, and DISMISSED, in part.**