[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10869
Non-Argument Calendar
_____

Agency No. A088-949-524

RUDOLPH RAMPHAL,

                                                                          Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                          Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 17, 2015)

Before JORDAN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Rudolph Ramphal seeks review of an order of the Board of Immigration Appeals ("BIA") denying his motion to remand his removal proceedings to the Immigration Judge ("IJ") to address his application for adjustment of status based on his recent marriage to a United States citizen.  The BIA found that Ramphal's motion to remand was not supported by sufficient evidence of his *prima facie* eligibility for adjustment of status because he presented no evidence showing that his present marriage was bona fide.  Ramphal argues that the BIA abused its discretion by requiring him to present evidence of his *prima facie* eligibility and violated his due process rights by denying the motion to remand without providing him with additional time and an opportunity to present evidence showing that his marriage was bona ride.  After careful review, we deny the petition.

## I.

Ramphal is a native and citizen of Guyana.  He was admitted to the United States as a non-immigrant visitor in 2004 with authorization to remain until March 2005.  In August 2004, Ramphal married Gladys Garcia, a Cuban national and lawful permanent resident who obtained her status through the Cuban Adjustment Act ("CAA").  Ramphal met Garcia, who lived with Ramphal's sister in Florida, six days before they obtained their marriage license on July 29, 2004.

In January 2010, the Department of Homeland Security ("DHS") served Ramphal with a Notice to Appear, charging him as removable for having remained

2

in the United States without authorization. *See* Immigration and National Act ("INA") § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B). In August 2012, while removal proceedings were ongoing, Ramphal applied for adjustment of status under the CAA based on his marriage to Garcia.[1] The CAA is a note to INA § 245, 8 U.S.C. § 1255, the statutory provision governing adjustment-of-status determinations for permanent residence in general. *See Gonzalez v. McNary*, 980 F.2d 1418, 1420 n.1 (11th Cir. 1993) (quoting the CAA).

After hearing testimony from Ramphal, Garcia, and Garcia's daughter, the IJ denied Ramphal's application for adjustment of status and ordered him removed to Guyana. The IJ found that Ramphal's and Garcia's testimony in court about each other and their family members was imprecise, inconsistent, and generally lacking in information that should be known to persons in a bona fide marriage. Consequently, the IJ determined that Ramphal did not meet the requirements for adjustment of status under the Cuban Adjustment Act.

Ramphal appealed the IJ's decision to the BIA. In December 2013, while his appeal was pending, Ramphal filed with the BIA a motion to remand to the IJ for further proceedings, claiming that he was eligible to adjust his status based on

---

[1] This was the second time Ramphal had done so. Ramphal first applied for adjustment of status based on his marriage to Garcia in 2006, but this application was denied in 2007 after Ramphal failed to appear for an interview. Then, in June 2010, Ramphal was ordered removed *in absentia* for failure to appear at his removal proceedings. An immigration judge later granted Ramphal's motion to reopen based on lack of notice. Thereafter, Ramphal again filed for adjustment of status based on his marriage to Garcia.

his new marriage to Bibi Ramphal ("Bibi"), a recently naturalized United States citizen. Ramphal explained that he and Garcia divorced on June 17, 2013, and that he married Bibi on July 2, 2013. In support of his motion to remand, Ramphal submitted a copy of his adjustment-of-status package, which, among other documents, included Ramphal's application for adjustment of status; the June 17 dissolution decree; the July 2 marriage certificate; Bibi's I–130 alien relative petition naming Ramphal as a beneficiary; and Bibi's naturalization certification showing that she became a naturalized citizen on July 30, 2013.

In January 2015, the BIA issued a decision dismissing Ramphal's appeal and denying his motion to remand. The BIA did not address the IJ's determination that Ramphal's marriage to Garcia was not bona fide, finding that his application for adjustment of status based on this marriage was no longer viable due to their divorce. The BIA also denied the motion to remand because the motion was not supported by *prima facie* evidence of Ramphal's eligibility for adjustment of status. First, the BIA stated, Ramphal did not show that the I–130 alien relative petition actually was pending with the United States Citizenship and Immigration Services. Second, even assuming that a visa application was pending, the BIA explained, Ramphal's motion to reopen was not supported by sufficient evidence of his *prima facie* eligibility because he did not "provide[] any documentation with his motion regarding the bona fide nature of his marriage."

4

Ramphal now brings this petition for review of the BIA's decision. He contends that there is no requirement that a petitioner must establish *prima facie* eligibility in a motion to remand. Furthermore, he contends, he was arbitrarily deprived of the opportunity to be heard on whether his new marriage is bona fide, in violation of his due-process rights, and he should have been given additional time in which to file materials supporting the bona fide nature of his marriage. Ramphal also asserts that his prior marriage to Garcia should have been reviewed by the BIA in support of his motion to remand, even if it was no longer a ground for adjustment.[2]

## II.

We review only the BIA's decision unless the BIA expressly adopts the IJ's opinion or reasoning. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA issued its own opinion and did not expressly adopt the opinion or reasoning of the IJ, so we review only the BIA's decision.

### A.

---

[2] In passing, Ramphal also takes issue with the BIA's decision not to resolve his appeal from the IJ's denial of his application for adjustment of status based on his marriage to Garcia. However, he does not develop any argument on this point, and he acknowledges that his prior marriage "may have no longer been a ground for adjustment." Accordingly, we consider any argument that his prior marriage to Garcia still provided a basis for adjustment of status to be abandoned. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681-82 (11th Cir. 2014) (stating that a party can abandon an issue if he makes only, passing conclusory references to the issue in his opening brief)

Ramphal first contends that the BIA erred in requiring him to present *prima facie* evidence of his eligibility for adjustment of status and in denying his motion to remand on that basis. We disagree.

In reviewing the denial of a motion to remand, "courts generally look at the substance of such a motion to determine how it should be scrutinized on appeal." *Al Najjar*, 257 F.3d at 1301. Because Ramphal's motion to remand is in the nature of a motion to reopen, in that it requested additional proceedings to present new evidence regarding his eligibility for adjustment of status based on his marriage to Bibi, we will analyze it as such on appeal. *See Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1286 (11th Cir. 2008) ("[I]f a motion to remand seeks to introduce evidence that has not previously been presented, it is generally treated as a motion to reopen under 8 C.F.R. § 1003.2(c)." (internal quotation marks omitted)). We review the BIA's denial of a motion to reopen for an abuse of discretion. *Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1226 (11th Cir. 2008).

The BIA may deny a motion to reopen on at least three independent bases: "1) failure to establish a prima facie case; 2) failure to introduce evidence that was material and previously unavailable; and 3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion." *Al Najjar*, 257 F.3d at 1302. Motions to reopen removal proceedings are disfavored. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). As

6

a result, the movant bears a "heavy burden, and must present evidence of such a nature that the BIA is satisfied that if proceedings before the IJ were reopened, with all attendant delays, the new evidence offered would likely change the result in the case." *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 813 (11th Cir. 2006) (brackets and internal quotation marks omitted; alterations adopted).

An alien is qualified to have his status adjusted to that of a lawful permanent resident if he (1) "makes an application for such adjustment," (2) "is eligible to receive an immigrant visa and is admissible to the United States for permanent residence," and (3) "an immigrant visa is immediately available to him at the time his application is filed."    INA. § 245(a), 8 U.S.C. § 1255(a).    An I–130 alien relative petition filed by a United States citizen on behalf of a spouse, if approved, "provides the evidentiary basis for the beneficiary's adjustment of status" to that of a lawful permanent resident. *See Alvarez Acosta v. U.S. Att'y Gen.*, 524 F.3d 1191, 1194 n.6 (11th Cir. 2008).

Because Ramphal married Bibi during his removal proceedings, he faces a presumption that his marriage to Bibi was not bona fide. Specifically, as a general rule, "an alien seeking to receive an immigrant visa on the basis of a marriage which was entered into during [admissibility or deportation proceedings] may not have the alien's status adjusted under [§ 1255(a)]." INA § 245(e)(1)–(2), 8 U.S.C.

§ 1255(e)(1)–(2). However, pursuant to the "bona fide marriage exception," this bar to adjustment of status

> shall not apply with respect to a marriage if the alien establishes by clear and convincing evidence to the satisfaction of the Attorney General that the marriage was entered into in good faith and in accordance with the laws of the place where the marriage took place and the marriage was not entered into for the purpose of procuring the alien's admission as an immigrant. . . .

INA § 245(e)(3), 8 U.S.C. § 1255(e)(3).

In *Matter of Velarde-Pacheco*, 23 I. & N. Dec. 253, 255-56 (BIA 2002), the BIA held that a motion to reopen may be granted under certain conditions, in the exercise of discretion, to enable an alien to pursue adjustment of status based on a marriage entered into after the commencement of removal proceedings. One of the required conditions is that "the motion presents clear and convincing evidence indicating a strong likelihood that the respondent's marriage is bona fide." *Velarde-Pacheco*, 23 I. & N. Dec. at 256.

Because Ramphal's motion to remand was in substance a motion to reopen, the BIA did not err in denying his motion on the basis of his failure to present evidence of his *prima facie* eligibility for adjustment of status pursuant to the "bona fide marriage exception." *See Al Najjar*, 257 F.3d at 1302; INA § 245(e)(3), 8 U.S.C. § 1255(e)(3). Under *Velarde-Pacheco*, Ramphal needed to support his motion to remand with "clear and convincing evidence indicating a strong

likelihood that the respondent's marriage is bona fide." *Velarde-Pacheco*, 23 I. & N. Dec. at 256; *see also Ali*, 443 F.3d at 813 (stating that a motion to reopen must be supported by evidence showing a likelihood of a different result if removal proceedings were reopened). In other words, it was Ramphal's burden to show the BIA that on remand to the IJ he could have established by clear and convincing evidence that his marriage to Bibi was bona fide. *See* INA § 245(e)(3), 8 U.S.C. § 1255(e)(3).

We agree with the BIA that Ramphal did not submit any documentation showing that the marriage was entered into in good faith. *See, e.g.*, 8 C.F.R. § 204.2(a)(iii)(2)(B) (listing various forms of documentation a petitioner may submit to establish a bona fide marriage, such as a lease showing the joint tenancy of a common residence or affidavits of third parties having knowledge of the marital relationship); *Velarde-Pacheco*, 23 I. & N. Dec. at 256 (finding that the petitioner's submission of the birth certificate of his United States citizen son, in addition to other evidence, "indicate[d] a high probability that the [petitioner's] marriage is bona fide"). Nor does Ramphal contend that he presented evidence of that his marriage to Bibi was bona fide. Thus, the BIA did not abuse its discretion in denying Ramphal's motion to remand.

**B.**

9

Ramphal also contends that his due-process rights were violated when the BIA denied his motion to remand without giving him notice and more time to present clear and convincing evidence regarding the bona fide nature of his marriage to Bibi.  We disagree.

We review due-process challenges *de novo.  Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1341 (11th Cir. 2003).  Due process requires that aliens receive notice and an opportunity to be heard in their removal proceedings.  *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1143 (11th Cir. 2010).  To establish a due-process violation, a petitioner must show that he was deprived of liberty without due process of law, and that the asserted errors caused him substantial prejudice.  *Id.*  The prejudice prong requires a showing that, "in the absence of the alleged violations, the outcome of the proceeding would have been different."  *Id.*

Initially, because Ramphal has no constitutionally protected liberty interest in either adjustment of status or the reopening of his removal proceedings, which are forms of discretionary relief, he cannot establish a due-process violation based on the BIA's decisions.  *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008); *see also Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999) ("[T]he failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest.").

10

In any case, we are satisfied that Ramphal was not denied an opportunity to present his case on the bona fide nature of his new marriage. *See Lapaix*, 605 F.3d at 1143-44. Given the applicable law recounted above, Ramphal had ample notice of his burden to present evidence with his motion to remand showing that his marriage to Bibi was bona fide and that remand was warranted despite the bar to adjustment of status in INA § 245(e)(1), 8 U.S.C. § 1255(e)(1). Further, there is no evidence that the BIA refused to accept or review any documentation Ramphal did submit in support of his motion.

Ramphal also has not shown prejudice. While his marriage was relatively recent, still, over five months had passed between the date of the marriage and the filing of the motion to remand. His contention that this period was too short to establish the bona fide nature of a marriage is unconvincing. Ramphal also has not explained what evidence, if given additional time, he would have presented to the BIA that would have indicated that his marriage to Bibi was bona fide.

## C.

Finally, the BIA did not err in failing to address Ramphal's prior marriage to Garcia as a factor in determining whether to grant a motion to remand. Ramphal does not explain the relevance of this prior marriage to the present issues, nor is it apparent how Ramphal's prior marriage to Garcia, which an IJ found to be not bona fide, could be evidence of the bona fide nature of his marriage to Bibi.

11

## III.

In sum, Ramphal's petition for review is **DENIED**.